UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHEAD, INC.<br><br>           Plaintiff,<br><br>v.<br><br>GOLF DESIGN U.S.A. AND JOHN TATE,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)  05-11839 REK<br>)  Jury Trial Demanded<br>)<br>)  Referred to MJ JGDein<br>) |

FILING FEE PAID:
RECEIPT #_____
AMOUNT $ 250.00
DEPUTY CLK_____
9/9/05

## COMPLAINT

For its Complaint herein, Plaintiff Ahead, Inc. ("Ahead") alleges as follows:

1.     Ahead is a Massachusetts corporation with its principal place of business in New Bedford, Massachusetts. Ahead is engaged in the manufacture and sale of sports apparel and accessories, including golfing gloves.

2.     On information and belief, defendant Golf Design U.S.A. ("Golf Design") is a California corporation with its principal place of business in Garden Grove, California. On information and belief, Golf Design is engaged in the manufacture and sale of golf products and accessories.

3.     On information and belief, defendant John Tate is a resident of California, is the President of Golf Design, and controls its actions relative to the matters set forth herein.

4.     On information and belief, Golf Design and Mr. Tate are doing business throughout the country, including within this judicial district, and the cause of action set forth herein arises out of their specific contacts with Massachusetts that warrant the exercise of personal jurisdiction by this Court.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

7.  On information and belief, Golf Design and Mr. Tate own U.S. Patent No. 5,996,116 (the "'116 patent"), which issued on December 7, 1999. Mr. Tate is the named inventor of the '116 patent.

8.  Golf Design and Mr. Tate have charged Ahead with infringement of at least one of the claims recited in the '116 patent. By letter dated August 25, 2005 (the "August 25, 2005 letter"), counsel for Golf Design and Mr. Tate claimed that a golfing glove sold by Ahead ("the Ahead Golfing Glove") infringes the '116 patent. Golf Design and Mr. Tate demanded that Ahead immediately discontinue all further sales and distribution of the Ahead Golfing Glove and that Ahead provide a list of all entities to whom the Ahead Golfing Glove was distributed and copies of records of sales and distribution of the Ahead Golfing Glove.

9.  In the August 25, 2005 letter, counsel for Golf Design and Mr. Tate stated that the defendants are fully prepared to take all legal steps necessary to prevent unlawful violation of their intellectual property rights and asserted that a patentee can bring a proceeding before the International Trade Commission to exclude infringing goods from entry into this country, in addition to instituting civil litigation in a United States District Court.

10. Based on the August 25, 2005 letter, including Golf Design and Mr. Tate's specific allegations of infringement and their demand for a cessation of sales, Ahead is under reasonable fear and apprehension that Golf Design and Mr. Tate will commence a lawsuit against it for infringement of the '116 patent.

2

11. This Complaint seeks declaratory relief that the Ahead Golfing Glove does not infringe any validly-issued claim of the '116 patent.

12. An actionable and justiciable case or controversy exists between Ahead and Golf Design and Mr. Tate regarding infringement of the '116 patent. Ahead should not be forced to wait until Golf Design and Mr. Tate, in their sole discretion, decide whether and when to file a lawsuit accusing Ahead of infringing the '116 patent.

13. The Ahead Golfing Glove does not infringe any validly-issued claim of the '116 patent.

## Jury Demand

14. Ahead claims trial by jury with respect to any issues so triable.

## Relief Requested

WHEREFORE, Ahead prays that the Court enter judgment for Ahead (1) declaring that the Ahead Golfing Glove does not infringe any validly-issued claim of the '116 patent; (2) awarding Ahead its costs; and (3) awarding Ahead such other and further relief as the Court may deem just and equitable.

Dated: September 9, 2005                                Respectfully Submitted,

*/s/ Vickie L. Henry*
Vickie L. Henry (BBO# 632367)
Jeremy Younkin (BBO# 654047)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Attorneys for Ahead, Inc.

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AHEAD, INC.<br><br>    Plaintiff,<br><br>v.<br><br>GOLF DESIGN U.S.A. AND JOHN TATE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**LOCAL RULE 7.3 CORPORATE DISCLOSURE STATEMENT**

Plaintiff Ahead, Inc. is a Massachusetts corporation. It has no parent corporation and no publicly held company owns 10% or more of its stock.

Dated: September 9, 2005    AHEAD, INC.,

              By its attorneys,

              */s/ Vickie L Henry*
              Vickie L. Henry (BBO# 632367)
              Jeremy A. Younkin (BBO# 654047)
              FOLEY HOAG
              155 Seaport Boulevard
              Boston, MA 02210-2600
              Tel. (617) 832-1000
              Fax (617) 832-7000